**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

DOW OLEFINVERBUND GMBH,

                            Petitioner,

    v.

SYNTHOS SCHKOPAU GMBH,

                            Respondent.

-----------------------------------------------------------x

Case No. 1:25-cv-5529

**UNOPPOSED PETITION TO CONFIRM ARBITRATION AWARD**

This is a petition for an order confirming the final arbitration award (the "Award") rendered on December 31, 2024, in an International Centre for Dispute Resolution ("ICDR") arbitration between Petitioner Dow Olefinverbund GmbH ("Dow") and Respondent Synthos Schkopau GmbH ("Synthos").

Petitioner has conferred with Respondent and Respondent does not oppose this Petition.

**Parties, Jurisdiction, and Venue**

1. The Arbitration was seated in New York, and the Award was made there. *See* Final Award, attached as Exhibit 1 to Declaration of Nathan P. Eimer. Dow brings this proceeding under the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. (the "FAA") to confirm a final arbitration award.

2. Petitioner Dow is a German corporation with its principal place of business at Straße B 13, 06258 Schkopau, Sachsen-Anhalt Germany. Dow is a subsidiary of The Dow Chemical Company ("Dow Chemical") and operates a petrochemical facility in Schkopau, Germany.

3. Respondent Synthos is a German corporation with its principal place of business at Strasse E 17, 06258 Schkopau, Germany. Synthos operates a synthetic rubber plant at Dow's industrial site in Schkopau, Germany.

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and more than $75,000, exclusive of interest and costs, is at stake in this controversy.

5. Venue is proper in this district pursuant to 9 U.S.C. § 9 because it is "the United States court in and for the district within which" the Award was made.

6. This Court has personal jurisdiction over Respondent pursuant to 9 U.S.C. § 9 and because the agreed-upon arbitration clause in the parties' contract designated New York as the place of arbitration, and Respondent participated in the arbitration in New York City.

### The Arbitration Agreement

7. Dow and Synthos are parties to the Site Services Agreement (Schkopau, Germany), dated June 1, 2013 (the "SSA"), which sets forth the terms on which Dow provides services and utilities to Synthos's rubber plant at the Schkopau Site. The SSA is attached as Exhibit 2 to the Declaration of Nathan P. Eimer. Section 27 of the SSA provides that any dispute arising out of the agreement shall be finally resolved by arbitration seated in New York County applying New York law and conducted under the International Arbitration Rules of the American Arbitration Association. *See* Ex. 2 to Declaration of Nathan P. Eimer, SSA §§ 27.1, 27.2.

### Summary of the Underlying Dispute

8. Dow owns and operates a manufacturing site in Schkopau, a location in central Germany. (Award at 1, 17). In 2009, Dow's corporate parent, Dow Chemical, spun off certain lines of business into Styron S.A., which it sold to Bain Capital Partners. (Award at 1).

2

9. As part of this spin-off transaction. Dow Chemical and its subsidiaries entered into various contracts with Styron S.A. and its subsidiaries under which the Dow Chemical entities provided the Styron S.A. entities with various products and services and vice versa. The June 2010 SSA between Dow and Styron at Schkopau was one such agreement. This SSA was later amended and restated in 2013. (Award at 1).

10. After Bain exited its investment, Styron S.A. changed its name to Trinseo. In 2021, Trinseo sold the synthetic rubber business at the Schkopau plant to Synthos. Pursuant to the transaction, Trinseo partially assigned the SSA to Synthos. (Award at 1).

11. To operate its facility, Synthos purchases steam from Dow, which in turn purchases part of its steam from a nearby power plant operated by Saale Energie GmbH ("Saale"). (Award at 1).

12. In 2020, prior to Synthos's purchase of the synthetic rubber plant, Dow and Saale had entered into a contract for the supply of steam for the site, including the steam that Dow purchased from Saale for the synthetic rubber plant. The contract's pricing formula was based in part on the price of natural gas. As Synthos arrived at the site in late 2021, the price of natural gas increased sharply as a result of the conflict between Russia and Ukraine, causing the price of steam sold by Dow to Synthos to increase as well. (Award at 2).

13. In response, Synthos refused to pay the full amount invoiced to it for the steam it consumed. Dow maintained that this failure to pay the full amount of the steam invoices constituted a material breach of the SSA. (Award at 2). Synthos contended that Dow breached its obligations to exercise good industry practice under the SSA and New York Law and abused its position under German competition law by entering into the steam contract with Saale. (Award at 2).

**The Arbitration**

14. After exhausting other avenues to resolve the dispute, Dow filed a Notice of Arbitration with the ICDR on May 16, 2022. (Award at 2). The Request alleged that Synthos breached the SSA by failing to pay the required invoices. Dow sought declaratory judgments stating that Synthos violated the SSA and must pay all invoiced amounts in full and on time; that Dow may reduce or terminate the supply of steam to Synthos; and that Dow could terminate the SSA entirely. It also sought arbitration expenses, including attorneys' fees.

15. Synthos filed an Answer and Counterclaim on June 15, 2022. (Award at 2). Synthos alleged that Dow breached the SSA's requirement to act in accordance with "Good Industry Practice" by 1) entering to the steam contract and 2) failing to attempt to exercise its rights to renegotiate the steam contract when prices spiked. Synthos also claimed Dow violated German Competition Law.

16. The arbitration was conducted before a tribunal composed of three arbitrators appointed in accordance with the applicable rules: the ICDR appointed Brian King as co-arbitrator, on Dow's nomination, John Fellas as co-arbitrator, on Synthos's nomination, and Daniel Schimmel as Chair of the Tribunal, through the selection of the parties. (Award at 2).

17. The arbitration involved extensive briefing, testimony, and documentary evidence.

18. On January 20, 2023, Dow submitted its Statement of Claim, together with witness statements and expert witness reports. (Award at 3). Dow's submission consisted of an 88-page brief.

19. On April 28, 2023, Synthos submitted its Statement of Defense and Statement of Counterclaim, together with witness statements and expert witness reports. (Award at 3). Synthos's submission consisted of a 115-page brief.

4

20. On August 18, 2023, Dow submitted its Statement of Reply to Claim and Statement of Defense to Counterclaim, together with additional witness statements and expert witness reports. (Award at 4). On October 20, 2023, Synthos filed its Statement of Rejoinder to Claim and Statement of Reply to Counterclaim, together with additional expert witness reports. On November 20, 2023, Dow filed its Statement of Rejoinder to Counterclaim, together with additional witness statements and expert witness reports.

21. The arbitration hearing was held in New York City over the course of four days from December 19, 2023, through December 22, 2023. At the hearing, ten witnesses who had previously provided witness statements or expert reports were called to testify. Each provided direct testimony (having already submitted written statements); cross examination, redirect examination, and recross examination were permitted as requested by counsel. (Award at 6).

22. On March 1, 2024, each party submitted post-hearing briefs supported with citations to hearing record. (Award at 6). Those briefs addressed the disputed issues in light of the evidence developed at the hearing. Two weeks later, each party submitted rebuttals to opposing party's post-hearing brief. (*Id.*)

23. On May 8, 2024, the Tribunal invited further briefing on a question related to the quantum of damages. Each party submitted an initial brief in response to the Tribunal's question on June 21, 2024, and a response brief on July 12, 2024. The Tribunal then heard oral argument of counsel on the issue. (Award at 7).

24. On November 7, 2024, the ICDR advised the parties that the hearings were declared closed. (Award at 7).

## The Arbitral Award

25. The tribunal issued its Final Award on December 31, 2024.

26. In the Award, the Tribunal concluded that Synthos materially breached the SSA by failing to pay its steam invoices in full. (Award at 35). The Tribunal, however, also held that Dow had committed a non-material breach of the SSA by not asserting its rights more vigorously against the steam supplier. (Award at 45). Synthos's remaining counterclaims were denied. (Award at 55, 68).

27. The Tribunal then ordered that Synthos must pay Dow, within thirty days, any remaining balance from the steam invoices issued from December 2021 through the date of the final award. The Tribunal ordered that Synthos's payment to Dow on the outstanding invoices be discounted through the date of the Award to account for Dow's non-material breach. (Award at 67).

28. In addition, the Tribunal ordered that Synthos pay an amount of pre- and post-award interest as specified by Section 1(b) of Schedule G to the SSA; legal fees and costs for the portion of the administrative fees and expenses associated with the arbitration. (Award at 67).

29. Finally, the Tribunal ordered that, going forward, Synthos must timely pay the full amount of Dow's steam invoices and that it may not set off any claims. (Award at 68).

30. Pursuant to applicable rules, the parties had until January 31, 2025, to apply to the tribunal for a correction or interpretation of the Award. AAA-ICDR International Dispute Resolution Procedures (March 1, 2021) Art. 36(1).

31. On January 22, 2025, Dow requested the Tribunal's interpretation of two aspects of the Award. Specifically, Dow requested clarification from the Tribunal on 1) how to calculate the discount to be applied to Synthos's steam invoices and 2) how to calculate the post-award interest to which Dow was entitled. Synthos filed a response to Dow's request on January 29, 2025.

Dow submitted a reply on January 30, 2025, to which Synthos responded on February 6, 2025. (Exhibit 3 at 1–2).

32. On January 30, 2025, Synthos filed a Request for Additional Award, arguing that the Tribunal had failed to address certain of Synthos's requests for relief and asking that the Tribunal make an additional award based on these requests that would have the effect of applying the discount on steam prices to invoices issued after the date of the Award. Dow filed its response to Synthos's request on February 7, 2025. (Exhibit 3 at 1–2).

33. On March 11, 2025, the Tribunal issued a Disposition of Claimant's Request for Interpretation of Award and Respondent's Request for Additional Award ("Disposition."), attached as Exhibit 3 to Declaration of Nathan P. Eimer. The Disposition clarified the interpretive issues raised by Dow in its request for interpretation and denied Synthos's request for an additional award.

## COUNT I – CONFIRMATION OF AWARD

34. Dow incorporates the allegations in paragraphs 1 through 34 as if set forth herein.

35. Section 9 of the FAA provides that if an award is not vacated, modified or corrected, "the United States court in and for the district" where the award was made "must grant" an order confirming that award. *See* 9 U.S.C. § 9. The Award has not been vacated, modified or corrected. None of the grounds for vacatur of the Award enumerated in 9 U.S.C. § 10 or for modification of the Award enumerated in 9 U.S.C. § 11 apply in this case.

36. Dow is entitled to an order confirming the Award pursuant to 9 U.S.C. § 9.

WHEREFORE, Dow prays that the Court enter an Order pursuant to 9 U.S.C. §§ 9 and 13 and Federal Rules of Civil Procedure 69 and 70 confirming the Award.

Dated: July 3, 2025            By: */s/ Nathan P. Eimer*

                                       Nathan P. Eimer (#1976067)
                                       neimer@eimerstahl.com
                                       EIMER STAHL LLP
                                       224 South Michigan Avenue
                                       Suite 1100
                                       Chicago, IL 60604
                                       Telephone: (312) 660-7600
                                       Fax: (312) 692-1718