UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOW OLEFINVERBUND GMBH,

                                Petitioner,

          -v-

SYNTHOS SCHKOPAU GMBH,

                                Respondent.

25 Civ. 5529 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Petitioner Dow Olefinverbund GmbH ("Dow") seeks confirmation of an arbitral award issued against respondent Synthos Schkopau GmbH ("Synthos"). Dkt. 1 ("Petition" or "Pet."); Dkt. 7-1 (the "Award").[1] On May 16, 2022, Dow filed a notice of arbitration with the International Centre for Dispute Resolution ("ICDR") alleging that Synthos breached the parties' Site Services Agreement, Dkt. 7-2 ("SSA"), by failing to pay Dow for steam it had provided to Synthos under the Agreement, Pet. ¶ 14. The notice sought a declaratory judgment and an award of arbitration expenses, including attorneys' fees. *Id.* ¶ 14. An Award substantially in Dow's favor issued. For the following reasons, the Court grants Dow's unopposed motion to confirm the Award.

I. **Background**

    A. **The Parties and Their Agreements**

Dow is a German corporation and subsidiary of the Dow Chemical Company. *Id.* ¶ 2. It operates a petrochemical facility in Schkopau, Germany. *Id.*

---

[1] Because the Award has been filed under seal, the Court cites solely to the portions referenced in the publicly filed Petition.

1

Synthos is also a German corporation. *Id.* ¶ 3. It operates a synthetic rubber plant out of Dow's Schkopau facility. *Id.* To operate its plant, Synthos purchases steam from Dow, which Dow in turn purchases from non-party Saale Energie GmbH. *Id.* ¶ 11.

Salient here, the SSA between Dow and Synthos governs the terms on which Synthos purchases steam from Dow. *Id.* ¶ 7. It provides that any dispute involving the SSA "shall be governed by, and construed in accordance with, the Laws of the State of New York." SSA § 27.1. It further states that "[a]ny controversy or Claim arising out of or relating to this Agreement shall be determined by arbitration, before a single arbitrator, in accordance with the International Arbitration Rules of the American Arbitration Association," and shall take place in New York County, New York. *Id.* § 27.2.

### B. The Arbitral Award

As alleged, Synthos failed to pay Dow for the full amount of steam provided under the SSA. Pet. ¶¶ 12–13. Dow maintained that Synthos's failure to pay constituted a material breach of the SSA. *Id.* ¶ 13. Synthos brought counterclaims, alleging that Dow had breached its obligation to "exercise good industry practice" under the SSA and New York Law. *Id.*

On May 16, 2022, Dow initiated an arbitration before ICDR arbitrators Brian King, John Fellas, and Daniel Schimmel (the "Tribunal"). *Id.* ¶ 16. Between December 19 and 22, 2023, an arbitral hearing was held in New York City. *Id.* ¶ 21. On November 7, 2024, after additional briefing by the parties, the Tribunal declared the hearing closed. *Id.* ¶¶ 23–24. On December 31, 2024, the Tribunal issued a final award, setting out a remedy; to wit, ordering the discounted payment by Synthos to Dow of outstanding invoices, pre- and post-award interest, legal fees and costs, and administrative fees. *Id.* ¶¶ 25, 27–28. Specifically, the Petition describes the Award as consisting of the following:

2

- The Tribunal concluded that Synthos materially breached the SSA by failing to pay its steam invoices in full. The Tribunal, however, also held that Dow had committed a non-material breach of the SSA by not asserting its rights more vigorously against the steam supplier. Synthos's remaining counterclaims were denied.

- The Tribunal ordered that Synthos must pay Dow, within 30 days, any remaining balance from the steam invoices issued between December 2021 and the date of the final award. The Tribunal ordered that Synthos's payment to Dow on the outstanding invoices be discounted through the date of the Award to account for Dow's non-material breach.

- In addition, the Tribunal ordered that Synthos pay an amount of pre- and post-award interest as specified by Section 1(b) of Schedule G to the SSA; legal fees and costs for the portion of the administrative fees and expenses associated with the arbitration.

- Finally, the Tribunal ordered that, going forward, Synthos must timely pay the full amount of Dow's steam invoices and that it may not set off any claims.

Pet. ¶¶ 26–29 (citing Award at 35, 45, 55, 67, 68).

### C. This Action

On July 3, 2025, Dow filed the instant petition to confirm the Award, Dkt. 1, and a declaration and exhibits in support, Dkt. 7 ("Eimer Decl."). On July 7, 2025, the Court ordered respondents to file any opposition to the petition by July 21, 2025. Dkt. 8. To date, Synthos has not opposed the petition. Dow has represented that Synthos agreed not to oppose the petition. *See* Eimer Decl. at 1.

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (cleaned up). Instead, "they must be given force and effect by being converted to judicial orders by courts." *Id.* The Federal Arbitration Agreement ("FAA") provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'"

3

*Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865, 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citation omitted). "The showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

A motion to confirm an arbitral award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (citation omitted)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v.*

4

*Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitral award, a court

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 6 Civ. 5106, 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007).

### B. Confirmation of the Arbitral Award

On the basis of the unopposed Award, and on the very limited review that is appropriate, the Court finds summary judgment warranted. Dow has shown there is no material issue of fact in dispute. The Tribunal acted within the scope of the authority granted to it by the parties. *See* SSA §§ 27.1 & 27.2. Having considered the evidence adduced by the parties, including the stipulated facts, the Tribunal ordered Synthos to pay Dow an amount representing outstanding invoices, pre- and post-award interest, legal fees and costs, and administrative fees. Pet. ¶¶ 27–29.

Based on the complete lack of factual dispute, the Court concludes that there is at least a "barely colorable justification for the outcome reached," and by all indications a more than colorable one. *Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992). Accordingly, the Court confirms the Award in favor of Dow.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of Dow and issues judgment in the amount reflecting: (1) the amount yet unpaid by Synthos to Dow for steam for the period between December 2021 and December 31, 2024; (2) pre- and post-Award interest; (3) legal fees and costs; and (4) administrative fees.

The Court respectfully directs the Clerk of Court to enter judgment accordingly, to terminate all pending motions, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 7, 2025
       New York, New York